IN THE UNITED STATES DISTRICT COURT

FOR THE WESTERN DISTRICT OF PENNSYLVANIA

MAX BRADLEY,                    )
                                )
          Plaintiff,            )
                                )
     v.                         )
                                )   Civil Action No. 14-199
CAROLYN W. COLVIN,              )
ACTING COMMISSIONER             )
OF SOCIAL SECURITY,             )
                                )
          Defendant.            )

OPINION

AND NOW, this 27th day of March, 2015, upon consideration of the parties' cross-motions for summary judgment pursuant to plaintiff's request for review of the decision of the Acting Commissioner of Social Security ("Acting Commissioner") denying his application for supplemental security income ("SSI") under Title XVI of the Social Security Act ("Act"), IT IS ORDERED that plaintiff's motion for summary judgment (Document No. 11) be, and the same hereby is granted, and the Acting Commissioner's motion for summary judgment (Document No. 13) be, and the same hereby is, denied. The case will be remanded to the Acting Commissioner pursuant to sentence 4 of 42 U.S.C. §405(g) for further proceedings consistent with this Opinion.

When the Acting Commissioner determines that a claimant is not "disabled" within the meaning of the Act, the findings leading to such a conclusion must be based upon substantial evidence. "Substantial evidence has been defined as 'more than a mere

scintilla. It means such relevant evidence as a reasonable mind might accept as adequate.'" Plummer v. Apfel, 186 F.3d 422, 427 (3d Cir. 1999) (citation omitted).

Despite the deference to administrative decisions required by this standard, reviewing courts "'retain a responsibility to scrutinize the entire record and to reverse or remand if the [Acting Commissioner's] decision is not supported by substantial evidence.'" Morales v. Apfel, 225 F.3d 310, 317 (3d Cir. 2000), quoting, Smith v. Califano, 637 F.2d 968, 970 (3d Cir. 1981). In evaluating whether substantial evidence supports an ALJ's findings, "'leniency [should] be shown in establishing the claimant's disability, and ... the [Commissioner's] responsibility to rebut it [should] be strictly construed. . . .'" Reefer v. Barnhart, 326 F.3d 376, 379 (3d Cir. 2003), quoting, Dobrowolsky v. Califano, 606 F.2d 403, 407 (3d Cir. 1979). These well-established principles dictate that the court remand this case to the Acting Commissioner for further proceedings as explained herein.

Plaintiff filed his DIB and SSI applications on July 13, 2011, alleging disability beginning on June 6, 2011, due to depression, liver problems, suicidal threats, high blood pressure, diabetes, hypertension and possible hepatitis. Plaintiff's applications were denied. At plaintiff's request, an ALJ held a hearing on January 15, 2013, at which plaintiff appeared and testified. At the hearing, plaintiff amended his alleged onset date to June 3, 2012, and he withdrew his DIB claim because he

only was insured for DIB purposes through June 30, 2011. Accordingly, the ALJ dismissed plaintiff's DIB claim.

On April 12, 2013, the ALJ issued a decision finding that plaintiff is not disabled. The Appeals Council denied plaintiff's request for review on December 12, 2013, making the ALJ's decision the final decision of the Commissioner. The instant action followed.

Plaintiff, who has a high school education through a general equivalency degree, was 50 years old when the ALJ issued his decision, which is classified as a person closely approaching advanced age under the regulations. 20 C.F.R. §416.963(d). Plaintiff has past relevant work experience as a cutter machine operator, but he has not engaged in substantial gainful activity at any time since his alleged onset date.

After reviewing plaintiff's medical records and hearing testimony from plaintiff and a vocational expert at the hearing, the ALJ concluded that plaintiff is not disabled within the meaning of the Act. Although the medical evidence established that plaintiff suffers from the severe impairments of hepatitis C, diabetes mellitus, borderline obesity, major depressive disorder and post-traumatic stress disorder, those impairments, alone or in combination, do not meet or equal the criteria of any of the listed impairments set forth in Appendix 1 of 20 C.F.R., Subpart P, Regulation No. 4 ("Appendix 1").

The ALJ found that plaintiff retains the residual functional capacity to perform light work with additional limitations.

AO 72
(Rev. 8/82)

Plaintiff is restricted from working at exposed heights, climbing ladders and balancing. In addition, he is restricted to performing tasks that are simple and repetitive in nature (collectively, the "RFC Finding").

Based upon the vocational expert's testimony, the ALJ concluded that plaintiff's vocational factors and residual functional capacity enable him to perform his past relevant work as a cutter machine operator. In the alternative, the ALJ also found that plaintiff is capable of performing other work that exists in significant numbers in the national economy, such as a housekeeping cleaner, retail marker or mail clerk. Accordingly, the ALJ found that plaintiff is not disabled within the meaning of the Act.

The Act defines "disability" as the inability to engage in substantial gainful activity by reason of a physical or mental impairment that can be expected to last for a continuous period of at least twelve months. 42 U.S.C. §1382c(a)(3)(A). The impairment or impairments must be so severe that the claimant "is not only unable to do his previous work but cannot, considering his age, education and work experience, engage in any other kind of substantial gainful work which exists in the national economy ...." 42 U.S.C. §1382c(a)(3)(B).

The Social Security Regulations delineate a five-step sequential evaluation process for determining whether a claimant is disabled. The ALJ must assess: (1) whether the claimant is currently engaged in substantial gainful activity; (2) if not,

whether he has a severe impairment; (3) if so, whether his impairment meets or equals the criteria listed in Appendix 1; (4) if not, whether the claimant's impairment prevents him from performing his past relevant work; and (5) if so, whether the claimant can perform any other work that exists in the national economy, in light of his age, education, work experience and residual functional capacity.[1] 20 C.F.R. §416.920(a)(4). If the claimant is found disabled or not disabled at any step, further inquiry is unnecessary. Id.

In this case, plaintiff argues that the ALJ's decision is not supported by substantial evidence because the ALJ failed to consider and weigh the opinion of his treating physician, Dr. Robert Belluso. Because the court finds that the ALJ failed to discuss Dr. Belluso's opinion, this case must be remanded to the Acting Commissioner for additional development at step 4, and if necessary, step 5, of the sequential evaluation process.

In an October 9, 2012, treatment note and report, Dr. Belluso stated that plaintiff was "incapable of substantial gainful activity." (R. 410). Plaintiff candidly admits that "[o]ne may argue about whether the opinion, albeit terse, is worthy of weight." However, plaintiff notes the greater concern is the ALJ's statement that "no treating or examining medical source has

---

[1] Residual functional capacity is defined as that which an individual still is able to do despite the limitations caused by his impairments. 20 C.F.R. §916.945(a)(1). In assessing a claimant's residual functional capacity, the ALJ is required to consider the claimant's ability to meet the physical, mental, sensory and other requirements of work. 20 C.F.R. §416.945(a)(4).

expressed an opinion that the claimant is totally disabled." (R. 49).

The Acting Commissioner argues that the ALJ did not err by failing to address Dr. Belluso's statement that plaintiff is "incapable of substantial gainful activity" because it appeared in the "social history" section of his report. Accordingly, the Acting Commissioner contends that the statement represents plaintiff's own lay assessment of his functional status, not Dr. Belluso's medical opinion.

Some courts have held that an ALJ properly rejected or gave reduced weight to a doctor's opinion of disability set forth in the "social history" section of a report. See Redfield v. Commissioner of Soc. Sec., 366 F.Supp.2d 489, 496-97 (E.D. Mich. 2005) (ALJ properly gave reduced weight to treating physician's note in social history that claimant was "currently disabled" because that statement was not an unequivocal opinion that claimant was unable to work at any job, but rather indicated that he was not then working because of disability); Eldridge v. Colvin, 2013 WL 704306, *6 (E.D. Wash. Feb. 26, 2013) (ALJ properly gave little weight to treating specialist's opinion of disability set forth in social history because it did not constitute an opinion about claimant's work-related limitations); Stephens v. Astrue, 2011 WL 42678, *5 (E.D. Ky. Jan. 5, 2011) (ALJ correctly decided not to credit treating physician's notation of "medically disabled" in social history because it was unclear whether the physician intended it as his own opinion or rather was

AO 72
(Rev. 8/82)

recording the claimant's own report). However, in these cases, the ALJ actually considered the opinion of disability set forth in the "social history" section and explained why it was given limited weight or rejected.

In contrast here, the ALJ did not even mention, let alone evaluate and weigh, Dr. Belluso's opinion that plaintiff is "incapable of substantial gainful activity." (R. 410). Rather, the ALJ stated that no treating source expressed an opinion that plaintiff is disabled. (R. 49). At a minimum, the ALJ should have referenced Dr. Belluso's opinion and explained whether he gave it any weight or rejected it, and the reasons for his decision.

The Regulations make clear that an ALJ is not required to accept a treating source's conclusion that a claimant is incapable of substantial gainful activity because the decision whether a claimant is disabled is an issue reserved to the Acting Commissioner. See 20 C.F.R. §416.927(d)(1) (stating that "[a] statement by a medical source that [a claimant is] 'disabled' or 'unable to work' does not mean that [the Acting Commissioner] will determine that [the claimant is] disabled.").

Although the ALJ properly could reject Dr. Belluso's opinion on the ultimate issue whether plaintiff is disabled, the ALJ gave no indication whether he considered it at all or whether it simply was overlooked. To the extent the ALJ was aware of Dr. Belluso's opinion and rejected it, he should have explained his reason for doing so. This is contrary to the Regulations pronouncement that

AO 72
(Rev. 8/82)

the ALJ "will always give good reasons" in his decision for the weight he gives to a claimant's treating source's opinion. See 20 C.F.R. §416.927(c)(2). Accordingly, this case must be remanded for further development.

On remand, the ALJ must evaluate and weigh Dr. Belluso's opinion that plaintiff is "incapable of substantial gainful activity." (R. 410). To the extent the ALJ decides to reject this opinion, he shall explain his reasons for doing so. To the extent the ALJ decides to credit Dr. Belluso's opinion, the ALJ shall specify the amount of weight he assigns the opinion and explain the reasons for his decision. If the ALJ determines that Dr. Belluso's opinion supports any additional functional limitations, he shall factor them into the assessment of plaintiff's residual functional capacity. In that event, the ALJ shall obtain additional vocational expert testimony to complete his analysis of plaintiff's case.

For the foregoing reasons, plaintiff's motion for summary judgment will be granted, the Acting Commissioner's motion for summary judgment will be denied, and this case will be remanded to the Acting Commissioner for further proceedings consistent with this Opinion.

/s/ Gustave Diamond
Gustave Diamond
United States District Judge

cc: Robert W. Gillikin, Esq.
    Rutter Mills, LLP
    160 W. Brambleton Ave.
    Norfolk, VA 23510

    Colin Callahan
    Assistant U.S. Attorney
    U.S. Post Office & Courthouse
    700 Grant Street, Suite 4000
    Pittsburgh, PA 15219